**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:21-cv-23679-DPG**

ANAMARIA MORAN,

>   **Plaintiff**,

v.

GC SERVICES LIMITED PARTNERSHIP,

>   **Defendant**.

_____/

**<u>RESPONSE TO MOTION TO STAY</u>**

Plaintiff Anamaria Moran ("Plaintiff") submits this Response to the <u>Amended Motion to Transfer, or Alternatively, Motion to Stay</u> [D.E. 12] (the "Motion") filed by Defendant GC Services Limited Partnership ("Defendant") on November 23, 2021.

As a chief initial matter, Plaintiff *does not* oppose a stay of this case pending the Eleventh Circuit's *en banc* rehearing, *nor* does Plaintiff oppose a transfer of this action to the Middle District. With that said, whether this Court can *transfer*, or alternatively *stay*, this case requires the existence of subject-matter jurisdiction.

For the reasons set forth in Plaintiff's Motion to Remand, *see* <u>D.E. 14</u>, this Court is currently without subject-matter jurisdiction because Defendant has failed to establish the three elements of standing, as well as the overarching burden of federal subject matter jurisdiction. <u>Bowling v. United States Bank Nat'l Ass'n</u>, 963 F.3d 1030, 1034 (11th Cir. 2020) ("On a motion to remand, the removing party shoulders the burden of establishing federal subject-matter jurisdiction." (*citing* <u>Conn. State Dental Ass'n v. Anthem Health Plans, Inc.</u>, 591 F.3d 1337, 1343 (11th Cir. 2009))); <u>Trichell v. Midland Credit Mgmt.</u>, 964 F.3d 990, *7 (11th Cir. 2020) (emphasis added) ("Under settled precedent, the 'irreducible constitutional minimum' of standing consists of three elements:

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
<u>www.JibraelLaw.com</u>

the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation." (citing and quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992))).

To the extent Defendant carries its burden of Article III standing, this case may be appropriately transferred or stayed; however, until the existence of Article III standing has been established, this Court cannot stay or transfer this case. To the extent Defendant fails to carry the "irreducible constitutional minimum" of standing, this case is *ripe* to be remanded to Miami-Dade County Court, as Miami-Dade Count Court has jurisdiction over this matter and, critically, Plaintiff would be able to continue the prosecution of this case, without delay, and without having to wait for the Eleventh Circuit Court of Appeals to issue its **third**[1] decision on the matter.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

---

[1] On April 21, 2021, the Eleventh Circuit Court of Appeals issued its original opinion ("Hunstein 1"). See Hunstein v. Preferred Collection & Mgmt. Servs., 994 F.3d 1341, 1344 (11th Cir. 2021) (finding that the using of a third-party letter vendor was a violation of § 1692c(b) of the FDCPA while expertly recognizing that"[i]t's not lost on us that our interpretation of § 1692c(b) runs the risk of upsetting the status quo in the debt-collection industry" (emphasis added)).

On October 28, 2021, the Eleventh Circuit Court of Appeals reissued its opinion ("Hunstein 2") and, in so doing, doubled down on Hunstein 1. See Hunstein v. Preferred Collection & Mgmt. Servs., 994 F.3d 1341 (11th Cir. 2021) (once again finding that the using of a third-party letter vendor was a violation of § 1692c(b) of the FDCPA and, again, emphasizing that "[i]t's not lost on us that our interpretation of § 1692c(b) runs the risk of upsetting the status quo in the debt-collection industry" (emphasis added)).

On November 17, 2021, the Eleventh Circuit Court of Appeals vacated Hunstein 2, stating in full: "A judge of this Court having requested a poll on whether this case should be reheard en banc, and a majority of the judges of this Court in active service having voted in favor, the Court sua sponte ORDERS that this case will be reheard en banc. The panel's opinion is VACATED." Hunstein v. Preferred Collection & Mgmt. Servs., 2021 U.S. App. LEXIS 34202 (11th Cir. Nov. 17, 2021).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: December 7, 2021

Respectfully Submitted,

_/s/ Thomas J. Patti_____
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 7, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_/s/ Thomas J. Patti_____
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com